Tyrone Kenneth JACKSON, P–0844.

v.

Stewart WERNER, Commissioner, Bureau of Corrections, and James Howard, Superintendent, State Correctional Institution at Pittsburgh, Pennsylvania.

Civ. A. No. 75–359.

United States District Court,
W. D. Pennsylvania.

June 4, 1975.

Joel S. Perr, Pittsburgh, Pa., for plaintiff.

Frederick R. Nene, Asst. Atty. Gen., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is a Civil Rights complaint submitted to the Court by a state penal in-

mate who is confined in the State Correctional Institution at Pittsburgh, Pennsylvania. Plaintiff contends that the policy of defendant institution on conducting strip searches as promulgated in the prison regulations is violative of plaintiff's constitutional right to be free from cruel and unusual punishment. Plaintiff also contends that his constitutional right of Due Process of law was violated by defendants' procedure in handling disciplinary complaints; more specifically, as it related to defendants' handling of a misconduct report and hearing held as a result of said report filed against plaintiff on January 30, 1975. Finally, plaintiff contends that punishments inflicted upon the prisoners are so harsh and disproportionate to the alleged infractions as to constitute cruel and unusual punishment. Plaintiff is seeking both declaratory and injunctive relief. The immediate matter before the Court is defendants' motion for summary judgment.

In ruling on motions for summary judgment, the law requires that the district court make only the determination as to whether there exists substantial and genuine issues of fact. Summary judgment is a method of testing whether there is any real basis for relief. Swettlen v. Wagoner Gas & Oil, Inc., 369 F.Supp. 893 (W.D.Pa., 1974). The Court has always abided by the general principle whereby it holds to be true each allegation set forth in petitioner's complaint. Moreover, the Court is quite aware of the general principle that factual inferences should not be drawn or credibility issues resolved in favor of the movant for summary judgment. Levin v. Marder, 343 F.Supp. 1050 (W.D.Pa., 1973).

Nevertheless, it is the considered judgment of the Court that the instant motion for summary judgment should be granted. As it appears from the pleadings, plaintiff has failed to establish how the prison regulation which requires strip searches of the prisoners after specified activities is of such constitutional infirmity to justify the granting of relief. It is settled law that some deprivations and inconveniences are a necessary and expected result of being an inmate of a penal institution which must provide for the custody, discipline, and rehabilitation of those who have violated the law. The task of determining the rights and deprivations of state prisoners falls principally upon the prison authorities whose judgment in the exercise of this important responsibility the Federal courts will not ordinarily question. Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972). Whether the deprivation is one which entails violation of the prisoner or whether it requires the minor inconvenience of a strip search, it does not rise to the level of cruel and unusual punishment. Both restrictions are designed for the protection of the prisoners and the prison authorities. A wide latitude in anticipating the probable consequences of allowing certain conduct or practices in a prison environment is essential to the proper discharge of the prison administrator's duty. Procunier v Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970).

Petitioner also alleges that defendant violated his right to due process under the law by failing to adhere to the minimum requirements required by law when administering disciplinary proceedings. The record in this case speaks for itself. Nowhere within the record can it be determined that defendant failed to adhere to those minimum requirements of procedural due process as dictated by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). On the contrary, the record reveals that petitioner was afforded the opportunity to present his side of the controversy as well as have the benefit of a hearing.

Finally, the Court can in no way conclude that the punishment of the plaintiff was in any way disproportionate to the offense so as to constitute cruel and unusual punishment. Plaintiff was found to have acted in such a manner so as to constitute dissident behavior as well as disrespect to a guard. We have repeatedly held that maintaining discipline in a prison environment is essential to the well being of the inmates as well as the prison authorities. It is, therefore, the opinion of this Court that placing plaintiff on "A" range (segregation) for a period of 15 days for dissident behavior can in no way be considered cruel or unusual punishment.

In view of the foregoing, it is the considered judgment of the Court that defendants' motion for summary judgment be granted.

An appropriate Order is entered.